UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Robert J. Follis**, | Bankruptcy No. 12-27717 |
| Debtor. | Honorable Bruce W. Black |

COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
OF FACTORLAW FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Thomas B. Sullivan, Chapter 7 Trustee for the estate of Robert J. Follis |
| Period for Which Compensation is Sought: | March 4, 2014 – November 15, 2016 |
| Amount of Fees Sought: | $20,000.00 |
| Amount of Expense Reimbursement Sought: | $371.48 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $    0.00    .

{00075805}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 7 |
|---|---|
| **Robert J. Follis.**, | Bankruptcy No. 12-27717 |
| Debtor. | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, December 9, 2016, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 15, 2016                **FactorLaw**

By: */s/ Ariane Holtschlag*
One of its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00075805}                2

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on November 15, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

/s/ Ariane Holtschlag

**Registrants**
(Service via ECF)

| | |
|---|---|
| John M Brom | jbrom@querrey.com, cdicaro@querrey.com; jalonso@querrey.com |
| William D Cherny | bill@chernylaw.com |
| William J Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com |
| Chester H. Foster | chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com |
| Douglas C. Giese | doug@markofflaw.com, dcgiese@hotmail.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Michael T Nigro | mike@nigrowestfall.com |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com |
| Thomas B Sullivan | tsullivan@wfactorlaw.com, IL19@ecfcbis.com;trustee@zanezielinski.com |
| Zane L Zielinski | trustee@zanezielinski.com, fax@zanezielinski.com |

Service List
Case 12-27717

Credit Union 1
450 East 22 Street
Suite 250
Lombard, IL 60148-6176

Anne Fahy f/k/a Anned Schenck
C/O Querrey & Harrow, Ltd D.C. Giese
175 W Jackson #1600
Chicago, IL 60604-2827

Citizens First National Bank
606 South Main Street
Princeton, IL 61356-2080

Insurance Pro Agencies, Inc.
14761 Sprucecreek Lane
Orland Park, Il 60467

(p)PUROLATOR EMPLOYEES FEDERAL CREDIT UNION
PO BOX 64637
FAYETTEVILLE NC 28306-0637

HSBC Mortgage Corporation
2929 Walden Avenue
Depew, NY 14043-2690

Richard Mason
c/o Mason Insurane Group
4939 West 95th Street
Oak Lawn, IL 60453-2503

Joan McDevitt
1623 Vantage Drive
Shorewood, IL 60404-7010

Olav Jore and Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Hts., IL 60139-3800

Vincent M. Cannon, Esq.
P.O. Box 1188
Plainfield, IL 60544-1188

Sallie Mae
P.O. Box 9500
Wilkes-Barre, PA 18773-9500

Teresa Follis
1917 Chestnut Grove Drive
Plainfield, IL 60586-6272

Robert J Follis
1917 Chestnut Grove Drive
Plainfield, IL 60586-6272

Anne Schenck
530 Springwood Drive
Joliet, IL 60431-0647

Olav Jore
c/o Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Hts., IL 60139-3800

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Robert J. Follis.**, | Bankruptcy No. 12-27717 |
| Debtor. | Honorable Bruce W. Black |

### FACTORLAW'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Office of William J. Factor, Ltd. ("***FactorLaw***"), counsel for Thomas B. Sullivan, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Robert J. Follis. (the "***Debtor***"), hereby submits its first and final fee application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$20,000.00** for legal services performed by FactorLaw during the period of March 4, 2014 through November 15, 2016 (the "***Application Period***") and **$371.48** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

### JURISDICTION

1.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.  Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

### I. The Bankruptcy Case.

4. On July 12, 2012, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Subsequent to the Petition Date, Bradley J. Waller was appointed as the case trustee. On or about January 15, 2013, Bradley J. Waller resigned from the case and the Trustee was appointed.

6. The Trustee filed his "no asset" report on February 11, 2013 and thereafter the Case closed.

7. On January 31, 2014, a creditor in the Case, Anne Schenck, caused the Case to be reopened and the Trustee was thereafter reappointed to investigate the new information regarding the Debtor's financial affairs.

8. The Court approved the Trustee's retention of FactorLaw on as of March 4, 2014.

### II. The Adversary.

9. After extensive investigation, on July 14, 2014, FactorLaw filed an adversary complaint (the "**Adversary**") on behalf of the Trustee.

10. The Adversary asserted that the Debtor and his close family and friends actively conspired to conceal Estate property by transferring it to a newly formed entity or close family members.

11. The property at issue consisted mainly of pre-petition insurance commissions (the "**Commissions**"). Although the Commissions were earned individually by the Debtor pre-petition, the Debtor started a new company on the petition date and transferred the rights to the Commissions to this new company solely to keep them out of the Estate.

12. This Adversary also sought to recover the approximately $57,000 that the Debtor improperly transferred to his mother-in-law in order to keep such funds out of his control and out of the reach of his creditors.

13. On March 11, 2016, this Court approved a settlement (the "**Settlement**") of the Adversary for $50,000.

## FEE APPLICATION

### I. Services performed.

14. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

15. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*A. Summary of Services by professional.*

16. FactorLaw spent a total of 110.4 hours at a cost of $30,707.50 in connection with this Case. FactorLaw has agreed voluntarily to write down its fees to only $20,000.

17. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 8.8 | $3,080.00 |
| Jeffrey K. Paulsen | Partner | $250/$275[1] | 59.4 | $13,900.00 |
| Ariane Holtschlag | Associate | $250/$275[2] | 5.1 | $1,352.50 |

---

[1] Mr. Paulsen's hourly rate was increased to $275 effective January 1, 2016, in the ordinary course of FactorLaw's business.
[2] Ms. Holtschlag's hourly rate was increased to $275 effective January 1, 2016, in the ordinary course of FactorLaw's business.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane Zielinski | Of Counsel | $350 | 37.1 | $12,625.00 |
| | | Totals: | 110.40 | $30,707.50 |

*B. Itemization of fees by category of Services rendered.*

18.  **Case Administration.** FactorLaw spent a total of 8.3 hours at a cost of $1,027.50 on matters relating to case administration including but not limited to corresponding with creditors, preparing routine motions and preparing this Application.

19.  A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Partner | $250/$275 | 4.5 | $0.00 |
| Ariane Holtschlag | Associate | $250/$275 | 3.3 | $852.50 |
| Zane Zielinski | Of Counsel | $350 | .5 | $175.00 |
| | | **Totals:** | **8.3** | **$1,027.50** |

20.  **Asset Investigation.** FactorLaw spent a total of 17.7 hours at a cost of $4,445.00 investigating the financial affairs of the Debtor to discover assets and causes of action of value to the Estate including those causes of action ultimately asserted in the Adversary and leading to the Settlement in this Case.

21.  A breakdown of the professionals providing Services in this category is as follows:

{00075805}  7

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | .2 | $70.00 |
| Jeffrey K. Paulsen | Partner | $250/$275 | 17.5 | $4,375.00 |
| | | **Totals:** | **17.7** | **$4,445.00** |

22. **Adversary.** FactorLaw spent a total of 50.4 hours at a cost of $13,595.00 preparing and prosecuting the Adversary on behalf of the Estate ultimately leading to the Settlement in this Case.

23. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 8.6 | $3,010.00 |
| Jeffrey K. Paulsen | Partner | $250/$275 | 35.5 | $8,850.00 |
| Ariane Holtschlag | Associate | $250/$275 | 1.8 | $450.00 |
| Zane Zielinski | Of Counsel | $350 | 4.5 | $1,285.00 |
| | | **Totals:** | **50.4** | **$13,595.00** |

24. **Settlement.** FactorLaw spent a total of 34.0 hours at a cost of $11,640.00 negotiating and obtaining approval of the Settlement in this Case.

25. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Partner | $250/$275 | 1.9 | $475.00 |

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane Zielinski | Of Counsel | $350 | 32.1 | $11,165.00 |
| | | Totals: | 34.0 | $11,640.00 |

## II.  Expenses

26.  FactorLaw incurred $371.48 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

27.  FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III.  FactorLaw's retention was appropriate through the Application Period

28.  During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

29.  No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

30.  Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

31. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

32. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

33. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

34. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

35. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $181.16. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$20,000**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$371.48**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$20,371.48**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: November 15, 2016                **FactorLaw**

                                        By: */s/ Ariane Holtschlag*
                                        One of Its attorneys

{00075805}                              11

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:     (847) 574-8233
Email:  aholtschlag@wfactorlaw.com